Good morning, Your Honor. As may it please the Court, my name is Jaime Haas. I'm counsel for the petitioners. The petitioners are a family of five. The parents are Petitioners Jose Alejandro Guzman and Maria del Carmen Luqueno Cabraja. The children include Petitioner Alejandro Guzman, a paraplegic afflicted with cerebral palsy, and two USSN siblings, Karen and Kevin, who are now 17 and 11, respectively, this year. Legacy INS placed the petitioners on removal proceedings back in 1997. The petitioners applied for cancellation and removal. In order to be eligible for cancellation and removal, the petitioners had to demonstrate at least 10 years of physical presence in the United States, good moral character during the requisite period of time, and exceptional, extremely unusual hardship to the qualified relatives. Qualified relatives could be a parent, spouse, or child who is a U.S. citizen or local permanent resident. On December 17, 1999, an immigration judge granted the petitioners cancellation and removal. At that time, government counsel conceded the good moral character as well as the hardship issues, but reserved appeal. Different counsel on appeal challenged the physical presence and the hardship requirements. While the appeal was pending, Legacy INS actually granted a green card to Petitioner Minor Child Alejandro. On May 5, 2003, the BIA held in a decision that the immigration judge aired by focusing primarily on the hardship to the Petitioner Alejandro. On August 27, 2003, when the case was moved, the child, yes, ma'am. On August 27, 2003, when the case was remanded back now to a new immigration judge, that judge was informed that the Petitioner Minor Child Alejandro had been granted a green card. Despite that fact, the immigration judge on March 24, 2005, ordered all petitioners removed from the United States. But if the green card was granted in error, what's the effect? If the green card was granted in error, then the government should have moved under H.C.F.R. under its own regulations, H.C.F.R. 246, et cetera, through a process to rescind the green card. It is a specific regulations provided by the government to determine whether or not the green card was in error. But, Mr. Hasso, how was Alejandro a qualified relative? It seems pretty clear that under the regulations, Alejandro was not a qualified relative. A mistake, apparently, was made earlier. It appears that the agency simply corrected this mistake. Can you explain how Alejandro satisfied the test for a qualified relative? On December 17, 1997, the qualified relatives for Alejandro would have been only the parents once the case was granted for the parents. It didn't have a... It didn't challenge the green card, as they have not yet today, and the government counsel has not stated or indicated otherwise. They should have moved under the regulations to remove that status from the petitioner minor child. They've never done so, and they've yet to contest it. Even at the time of the original trial, government counsel never contested the fact... No, Your Honor. In fact, during mediation during this process, the petitioners moved the government counsel, actually the office of district counsel in Los Angeles, to reopen the proceedings to see if they would grant a reopening in order to address that. But wasn't his status rescinded as part of the removal proceedings? In fact, that is a critical piece of evidence that the judge originally should have considered and determined whether or not he was, in fact, removable. It is a critical piece of evidence that determines whether or not he is, in fact, removable at the time of the original. But did the judge determine that he was removable? Yes, but he never considered the evidence of the actual green card. And so when the government and so when the petitioners... But the question is, was the green card ab initio issued erroneously? That is a decision that has yet to be determined. And that is the whole purpose of what 246et sec provides the applicants. Was it can what is the effect of government counsel at the time of trial when they concede to the hardship? That is a piece of evidence that the 246 proceedings should determine. But see, Alejandro was not a citizen or a legal permanent resident. So they couldn't consider the hardship as a basis for relief to him. So that error was made at the outset. So it's like a house of cards. Once you go back and correct it, everything else pretty much falls in. Isn't that right? If it was ever corrected. It has yet to be corrected. The parents were granted cancellation at the time the green card was issued. So when the petitioners file an appeal with the Board of Immigration Appeals and they indicate that the immigration judge failed to consider all the evidence, they were in pro se. And we would hope that when you're represented by an attorney that all issues are explored thoroughly before the immigration agency as well as the courts. But the reality is it's not. Counsel, that brings me to the question of exhaustion. Exactly, Your Honor. So the reality of the matter is that we have situations where immigrants file their appeals and they put information such as statements, broad statements such as this, where they're challenging the evidence that was presented to the judge. Did the judge consider all the evidence? We cannot ignore such statements. Once the statement is made and they're challenging the evidence considered by the immigration judge, we have the mandate to explore what evidence are we talking about, what proceedings. This case had two different immigration judges, had multiple hearings where evidence was submitted. So we have to. I mean, our law, our case precedent says that even if the petitioner is pro se, there has to be sufficient articulation of the issue to put the government on notice as to what the issues are that are to be joined. And before the BIA, the petitioner's two issues were whether or not the IJ erred in concluding that the petitioners had failed to prove extreme hardship. That was their first issue. And the second issue was the denial of relief violated the equal protection clause because of the CARA. So how did this put the government on notice of the argument regarding the issuance of the green card? I believe the petitioners included the statement that the immigration judge failed to consider the evidence. That's the board's, I'm sorry, the court's decisions and precedent indicate that, yes, you have to provide the government on notice as to the issues. And when we're talking about what is the evidence that is being challenged, as I was indicating to the court, we're talking about a whole list of different types of evidence. In these types of proceedings, you're looking at both testimonial. But if you just say that the government failed to consider the evidence, I mean, that's very, very broad. It's very broad but identifies that you have to take a look at the evidence, testimonial evidence, documentary evidence, the concession made by the government in terms of the kind of trial. Was evidence put into the record regarding the green card? Yes, to the extent that at the time of the proceedings were remanded back to the immigration, the second immigration judge, the attorney for the petitioners indicated and informed the court that a green card had been issued. That is a critical piece of evidence that determines. He did say it's never rescinded, it was never rescinded, so it was improper to institute removal proceedings vis-a-vis. I believe that was the reason why he had originally indicated to the court for a motion to terminate the proceedings. Once the court is informed that there is in existence some document that contests his ability to remove or order the removal of at least one of the parties, at that point the judge was under a requirement certainly to consider that evidence. It wasn't done. The concession by government counsel as to the hardship or the good moral character requirements in support of the application is also admission. Well, that issue wasn't exhausted either, but the government didn't concede. The government was cut off, number one. When the statement was being made, the judge interrupted the government. But the government made the point that Alejandro was not a qualifying relative. They made a point that the court was focusing primarily on the hardship to Alejandro. That's permitted under the law. There is no regulation, no statute, no precedent authority. Was he a United States citizen child? No, but there's board precedent that says that the hardship to the non-qualified relative, Alejandro, can be considered to the extent it affects the qualified relatives. And so we have a situation where the judge, in fact, did that during the first cancellation application. And the second one where the judge is now instructed by the board, well, wait a minute, you should not have focused primarily on that. Redo the whole thing. And so we have a situation now where he focuses now only on the hardships to the qualified relatives and does not discuss the issues and the hardships that come along with having cerebral palsy and being a paraplegic. Evidence such as that the child may not even have a wheelchair if the child is deported to Mexico. Those hardships are not considered to the extent that they affected the two U.S. citizen qualified relatives who are the siblings of Alejandro. All right. Do you want to say some time for a vote? Yes, Your Honor, please. Thank you. May it please the Court. Dan Goldman on behalf of the Attorney General. This Court should deny in part and dismiss in part the petition for review. Jumping ahead perhaps to the issue of the green card, which has been discussed extensively here, that issue was not exhausted. And based on this Court's precedent, based on the plain language of the INA, because that issue was not exhausted to the board, this Court lacks jurisdiction to review it. I'd also want to at least point the Court's attention towards what actually happened in immigration court, because I think looking back, there's perhaps some, the facts need to be clarified. Did you present the government's case? Did I? At the IJ level? No, Your Honor. I was not counsel at the IJ level. But it is important to note, counsel said, if I heard him right, that the IJ never considered evidence of the green card.  The issue of the potential green card was specifically brought to the attention of the immigration judge. The immigration judge said, wait a minute. If that happened, we have a problem. We can't remove someone who has been legitimately issued a green card. He set the case over, continued the case, asked everyone to check it out, and come back later. When they came back later, counsel for petitioners specifically said, we are withdrawing the motion to terminate. The motion to terminate would have been to terminate removal proceedings, and the basis for that motion was that Alejandro had been issued a green card. So to suggest that the IJ didn't consider this or somehow didn't know what was going on, the IJ knew exactly what was going on. It was discussed. It was discussed in open court. And counsel for petitioners specifically, on the record, withdrew that motion. If counsel, if there's something there that counsel wants to pursue, there is an avenue of relief. Counsel can go to the board and ask for, at this point, it would be an untimely motion to reopen. That's unrealistic. It's not realistic, Your Honor, and I heard the end of the previous case. The board does not usually grant sua sponte reopening. However, if there is a legitimate, unrescinded green card that was issued, I can assure this Court that I would not be standing here, and I would hope that the board would recognize that as a valid basis. The United States government doesn't remove people who have been issued and still have an unrescinded green card. But what about opposing counsel, since you want to get into this issue, what about opposing counsel's observation that there was no separate proceeding to rescind the green card? And I would perhaps caveat what I'm saying with, I don't necessarily want the court to get into this issue. I want, it is an unexhausted issue. It has to be presented to the agency first. Yes, Your Honor, and I want to try to answer your question. That's why I'm here. The suggestion that there has to be some separate proceedings, the regs cover that. There is supposed to be a separate proceeding. In this case, there is not a lot of information, not a lot of evidence in the record, but there is discussion that the green card was rescinded. That word is used. I believe it's on page 47 of the record. And that was after the immigration judge continued the proceedings and said, go, figure this out. Come back and tell me what the situation is. And counsel had, petitioner's counsel had initially said, we have a motion to terminate on this basis. Immigration judge sends them away, tells them to figure out the situation. When they come back into court, one more continuance, they come back into court later, and the I.J. says, where are we at with this? And counsel for petitioner specifically says, I am withdrawing the motion to terminate. And there is also the mention, the specific word rescinded was used on the record. At that point, there's no error by the immigration judge. Counsel for petitioner suggests that the I.J. erred, immigration judge erred by not addressing that issue. There's no error for the immigration judge to not address an issue that has been specifically conceded by the petitioners. All of the arguments raised, Your Honor, are subject to the exhaustion requirement. The only other argument that's made is a direct challenge to the discretionary denial of relief, which is also not subject to this Court's jurisdiction under the plain language of the I.N.A., under this Court's Romero-Torres case. And for that reason, Your Honor, for those reasons, Your Honor, the government would ask this Court to deny in part and dismiss in part the petition for review. What page did you say had the remark about the rescission of the green card? I believe it's on 47, Your Honor. I was looking at 47. It's page 16 of the transfer, page 47 of the record, about a quarter of the way down. And, Your Honor, at one point the service actually issued a permanent resident card to the young man. I think that was rescinded. So it is discussed. To suggest that this somehow was not discussed or ignored by an immigration judge is factually inaccurate, Your Honor. Subject to the Court's questions. Any questions? It appears not. Thank you, Your Honor. Thank you, Your Honor. We'll give you a minute for rebuttal. Thank you, Your Honor. With all due respect to government counsel, I never indicated that the Court was not informed of the issuance of the green card. In fact, I specifically indicated that the Court was informed that the green card was issued to Alejandro. It is completely irrelevant what the attorney does during the course of proceedings. He could remain silent at the time of the initial trial. It is the duty upon the judge to determine whether or not removability is established. Once he's provided with information that a green card was issued to Alejandro, he then has to have a certain process or procedure to determine whether or not that green card was accurate. As government counsel has indicated, the recession was indicated by government attorney at the time of the original trial. No rescission proceedings ever took place. It was a complete misrepresentation on behalf of the government attorney to make such a representation to the original trial court. With respect to the exhaustion issues, the petitioners raised a number of issues, specifically three. They indicated that the they raised the issue of whether or not the government attorney statements regarding the concession of hardship should be or what is the legal effect of such a concession. A statement or admission made by a government attorney during the course of the proceeding is evidence. They challenge whether or not the judge considered the evidence of the case. The petitioners raised the issue of whether or not it was appropriate for the second immigration judge to have waived only the evidence of the second proceeding. Again, they're challenging whether or not the judge considered the evidence of the case. They raised the, finally they raised the issue of whether or not it was appropriate for the government to proceed with the case without providing Alejandro with the benefits under 246, 246 SEC of the Code of Federal Regulations. The evidence submitted by the petitioner's counsel at that time informed the court that a green card had been issued to Alejandro. Again, it is evidence submitted to the court, the original court and challenged by the petitioner. We understand your argument, counsel. Thank you, Your Honor. Thank you. The case is submitted to both counsel. The case is argued and submitted for decision by the court. The next case on calendar for argument is United States v.
judges: Marbley, Goodwin, Rawlinson